UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>      Plaintiff,<br><br>    v.<br><br>PENA, et al.<br><br>      Defendants. | Case No.: 1:11-cv-01205 – JLT (PC)<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO ASSIGN THIS MATTER TO THE APPROPRIATE DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT SUMAYA'S MOTION TO DISMISS<br><br>(Doc. 20) |

Plaintiff Kevin Holmes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Defendant Sumaya has not yet consented to the jurisdiction of the Magistrate Judge. At present, the Court considers Defendant Sumaya's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the unenumerated provisions of Fed. R. Civ. P. 12(b). (Doc. 20). For the reasons set forth below, the Court recommends Defendant Sumaya's motion to dismiss be **DENIED.**

I.    **Factual and Procedural Background**

Plaintiff filed his second amended complaint on April 24, 2012, alleging violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Doc. 14). In his second amended complaint, Plaintiff indicates that he is a "sincere Muslim." (Doc. 14 at 4). Plaintiff alleges that shortly after being transferred to California State Prison, Corcoran ("Corcoran")

1

on October 25, 2009, Plaintiff requested a copy of his "religious diet chrono" in order to receive Halal meals. Id.  At the direction of his counselor, Plaintiff wrote to the Muslim chaplain to be placed on the religious diet, but received no response. Id.

On August 7, 2010, prison officials transferred Plaintiff to a different prison yard. Id.  At that time, Plaintiff again requested to be placed on his religious died, in anticipation of the Muslim holy month of Ramadan. Id.  Prison officials informed Plaintiff that he needed to contact Defendant Chaplain Indermill about receiving the religious diet because there was no imam at Corcoran. Id. at 4-5.  Plaintiff wrote to Defendant Indermill on August 8, 2010, and the following day received a "CDCR 30/30 religious diet request form," which he completed and returned via institutional mail on the same day. Id. at 5.

Plaintiff did not receive his religious diet by the first day of Ramadan, August 11, 2010. Id. at 5.  On August 12, 2010, Plaintiff again submitted a request to Defendant Indermill. Id.  On August 16, 2010, Plaintiff received another "CDCR 30/30 religious diet request form," which he again completed and returned on that same date. Id.  On August 23, 2010, Plaintiff submitted his first CDCR 602 complaint directly to the appeals coordinator in which he alleged that prison official denied him his religious diet. (Doc. 14 at 6).  Plaintiff never received a reply. Id.

On August 30, 2010, prison officials transferred Plaintiff to a different yard in Corcoran, under the control of Defendants Sergeant Sumaya and Lieutenant Pena. Id.  Plaintiff informed officers of his religious dietary needs upon arrival. Id.  Plaintiff never received a Halal meal during the month of Ramadan. Id.

On October 13, 2010, Plaintiff initiated a hunger strike to protest the denial of his religious diet request. Id.  As a result, Lt. Pena and Defendant Sumaya placed Plaintiff in administrative segregation. Id.  On October 16, 2010, Plaintiff informed Defendant Sumaya that the denial of his religious meals caused Plaintiff stress. Id. at 7.  Defendant Sumaya placed Plaintiff on suicide watch, but prison officials discharged Plaintiff to the Ad Seg on October 19, 2010. Id.

On October 20, 2010, and November 9, 2010, Plaintiff submitted his second and third CDCR 602 complaints to Appeals Coordinator Cano and Warden Lopez, but received no response. Id.  Finally, after his transfer to a substance abuse treatment facility on December 15, 2013, prison

officials granted Plaintiff's request for his religious meals. Id.

On November 13, 2013, the Court directed service on Defendants Indermill, Pena and Sumaya. To date, only Defendant Sumaya has been served pursuant to Fed. R. Civ. P. 4.

**II.     Analysis and Discussion**

**A.     Plaintiff states cognizable First Amendment and RLUIPA claims against Defendant Sumaya.**

i.     Fed. R. Civ. P. 12(b)(6) Legal Standards

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6); *see also* Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *See* Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a Fed. R. Civ. P. 12(b)(6) motion, the Court will only ascertain whether the nonmoving party has sufficiently alleged claims that would entitle him or her to relief. Jackson v. Carey, 353 F.3d 750, 756 (9th Cir. 2003).  In doing so, the Court assumes the truth of all factual allegations and construes factual allegations in the light most favorable to the nonmoving party. *See* Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002).  However, the court is not bound to accept as true a legal conclusion couched as a factual allegation.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  However, the conclusions contained in the pleading "are not entitled to the assumption of truth." Id.

ii.     RLUIPA and First Amendment

Under the RLUIPA, prison officials are prohibited from imposing "substantial burdens" on religious exercise unless there exists a compelling governmental interest and the burden is the least restrictive means of satisfying that interest.  Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2008) (*citing* Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005)).  This rule explicitly applies to instances where a substantial burden results from a rule of general applicability. 42 U.S.C. § 2000cc-1(a); Shakur v. Schriro, 514 F.3d 878, 888 (9th Cir. 2008).  For the purposes of RLUIPA, a

"substantial burden" is one that imposes a "significantly great restriction or onus" upon a prisoner's exercise of religion. Warsoldier, 418 F.3d at 995 (citation omitted). The RLUIPA significantly expands the reach of religious protection to include "any exercise of religion, whether or not compelled by or central to, a system of religious belief." Greene v. Solano Cnty. Jail, 513 F.3d 982, 986 (9th Cir. 2008) (*quoting* Cutter v. Wilkinson, 544 U.S. 709, 715 (2005) (quotations in original).

The sole task, therefore, that the Court must decide is whether Plaintiff has met his burden in stating a cognizable claim under RLUIPA to overcome Defendant's motion. *See e.g.,* Navarro, 250 F.3d at 732. Specifically, the Court must identify: (1) the religious exercise impinged upon, and (2) whether the regulation substantially burdened Plaintiff's religious exercise. Greene, 513 F.3d at 987 ("In any RLUIPA claim, we must begin by identifying the "religious exercise" allegedly impinged upon. Next, we must ask whether the prison regulation at issue "substantially burdens" that religious exercise.")

Defendant Sumaya argues 15 Cal. Code. Reg. § 3054.4(a)[1] is reasonable and therefore exonerates him from liability under the First Amendment and RLUIPA. (Doc. 20-1 at 4). In pertinent part, the statute provides that:

> "Any inmate who claims to require a religious diet shall be responsible for completing a CDCR Form 3030, Religious Diet Request, and submitting it to the appropriate institution's Chaplain. No more than 30 calendar days shall pass from the day the Chaplain receives the completed CDCR Form 3030, Religious Diet Request, which results in a determination of program eligibility, to the day an accepted inmate begins receiving the religious meals requested."

15 Cal. Code Reg. § 3054.4(a). The statute appears to be a rule of general applicability and thus does not escape scrutiny under the RLUIPA.

In relying on the statute, Defendant Sumaya contends that he was not required to provide Plaintiff with a religious diet because Plaintiff was not approved by the chaplain to receive a religious diet. (Doc. 20-1 at 4). Furthermore, Defendant argues that the regulation of diets was reasonable and

---

[1] Defendant Sumaya cites to 15 Cal. Code. Reg. § 3054.4(b)(1) in his motion. However, the language quoted by Defendant Sumaya is identical to the language contained in 15 Cal. Code Reg. § 3054.4(a). Therefore, the Court presumes that Defendant Sumaya intended to cite to 15 Cal. Code Reg. § 3054.4(a).

did not substantially burden religious exercise. Id. However, review of the pleadings reviews otherwise.

First, Plaintiff avers that he requested placement on a religious diet in accordance with the precepts of the Muslim faith. (Doc. 14 at 4-5). Furthermore, Plaintiff requested the religious diet to comply with the fasting requirements of the month of Ramadan. Id. at 5. The Ninth Circuit firmly recognizes religious diet requirements as a "religious exercise." *See e.g.*, Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008) (The Ninth Circuit discussed the infringement of a Muslim inmate's First Amendment and RLUIPA rights after prison officials denied his request for a religious diet). Thus, Plaintiff appropriately identified his religious diet as the religious exercised infringed upon.

Second, the prison regulation at issue—as applied to Plaintiff—substantially burdened his religious exercise. Plaintiff alleges that between August 8, 2010, and December 15, 2010, he submitted four CDCR Form 3030s to the appropriate chaplain, which complies with the very statute cited by Defendant Sumaya. (Doc. 14 at 5 – 7). In any event, Plaintiff made Defendant Sumaya explicitly aware of his need for his Halal diet on several occasions while Plaintiff was in the Ad. Seg. Id. at 6-7. Defendant Sumaya dismissed Plaintiff, stating that "he [would] get nothing." Id. at 6. By failing to take into account Plaintiff's religious need and given the nature of Plaintiff's confinement in Ad Seg, Plaintiff has thus met his burden of demonstrating that a prison regulation "substantially burdened" his religious exercise.

As noted above, RLUIPA provides greater protections than those allotted by the First Amendment. Mayweathers v. Swarthout, 2:09-CV-3284 LKK KJN, 2011 WL 2746067 (E.D. Cal. July 14, 2011) report and recommendation adopted, 2:09-CV-3284-LKK-KJN, 2011 WL 3813049, at *11 (E.D. Cal. Aug. 26, 2011). Given that the Court finds that Plaintiff has stated a claim against Defendant Sumaya under the RLUIPA, it logically follows that Plaintiff has stated a cognizable First Amendment claim. Therefore, the Court recommends Defendant Sumaya's Fed. R. Civ. P. 12(b)(6) motion be **DENIED**.

**III. Plaintiff exhausted his administrative remedy as to Defendant Sumaya.**

    **A. § 1997(e)(a) of the Prison Litigation Reform Act**

Defendant argues that Plaintiff failed to exhaust his administrative remedies as to Defendant

Sumaya. (Doc. 20). Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are thus required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion of administrative remedies is mandatory regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002).

To properly exhaust administrative remedies, an inmate must comply with the prison's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006). In California, the Department of Corrections and Rehabilitation has established an administrative grievance system for prisoner complaints. See Cal. Code Regs, tit. 15 § 3084.1 (West 2009). Prisoners may appeal any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare. Id. at § 3084.1(a).

The exhaustion requirement is not jurisdictional, but rather creates an affirmative defense that a defendant may raise in an unenumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendant bears the burden of raising and proving the absence of exhaustion. Id. at 1119. In deciding the motion, "the court may look beyond the pleadings and decide disputed issues of fact." Id. If the court concludes that the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. If a complaint contains exhausted and unexhausted claims, "the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

Defendant Sumaya avers that the substantive claims of Plaintiff's inmate grievance, Log Number CSPC-10-03255, failed to apprise prison personnel of Plaintiff's complaint against Defendant Sumaya because Defendant Sumaya was not specifically named in the grievance. (Doc. 20-1 at 6). In Jones v. Bock, 549 U.S. 199, 219 (2007), the Supreme Court of the United States ("SCOTUS") explicitly declined to adopt a brightline rule that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the [inmate] grievances." Rather, a prison's applicable

grievance procedure determines the level of detail required to exhaust an inmate's administrative claim. Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010) (*citing* Jones, 549 U.S. at 218). Nonetheless, where a prison's grievance procedures are silent as to the level of factual specificity required, a grievance is sufficient if "it alerts the prison to the nature of the wrong for which redress is sought." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (*adopting* the standard set forth in Strong v. David, 297 F.3d 646, 650 (7the Cir. 2002)).

Presently, 15 Cal. Code Reg. § 3084.2(a)(3) requires an inmate to "list all staff member(s) involved and shall describe their involvement in the issue" in the inmate's administrative grievance. Cal. Code Regs. tit. 15, § 3084.2. However, § 3084.2(a)(3) did not become effective until January 28, 2011. Chavez v. Granadoz, 2:11-CV-1015 WBS CKD, 2013 WL 1749910 (E.D. Cal. Apr. 23, 2013). As such, prior to January 28, 2011, the controlling statute—15 Cal Code Regs. § 2084.2—merely required inmates to complete a CDC Form 602 and "describe the problem and action requested." Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010); Godoy v. Wadsworth, Case Number CV 05-02913 NJV, 2010 WL 366640 at * 4 (N.D. Cal. Jan. 26, 2010). Thus, Plaintiff's failure to name Defendant Sumaya in his inmate grievance is not dispositive to the exhaustion issue. Therefore, the Court examines whether Plaintiff sufficiently apprised the CDCR of the relief sought.

In his response to Plaintiff's opposition, Defendant Sumaya argues that Plaintiff raised new claims against him for the first time on the second level of his appeal. (Doc. 22 at 2). Defendant correctly indicates that new issues cannot be added to an existing appeal for determining exhaustion purposes. Rodgers v. Tilton, CIV. No. 2:07–02269-WBS-DAD, 2011 WL 3925085, at 2 (E.D. Cal. Sept. 1, 2011). However, a review of Plaintiff's grievance reveals that Plaintiff sufficiently apprised the CDCR of the problem for which he now seeks damages. McCollum v. California Dept. of Corrections and Rehabilitation, 647 F.3d 870, 876 (9th Cir.2011). ["We determine whether an inmate's claim has been exhausted by reference to the prison's own grievance requirements, Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir.2009), which necessitate that the inmate 'describe the problem and action requested,' Cal.Code Regs. § 3084.2(a)."]

Here, Plaintiff provides a CDCR Form 602, dated November 9, 2010, he filed related to prison personnel's denial of his religious diet request that had been occurring since "since Ramadan." (Doc.

21 at 16). In the appeal, Plaintiff claims that his religious rights continued to be ignored, and thus the violation was ongoing. Id. In terms of relief sought, Plaintiff requested that his complaint be logged and that he be provided relief from prison personnel's failure to provide him with his religious diet. Id. Thus, a reasonable interpretation, in light of the relief sought, is that prison personnel ignored Plaintiff's request for a religious diet and Plaintiff wanted his religious rights addressed.

The appeal was granted at the first level of review. (Doc. 21 at 13). Nevertheless, Plaintiff then submitted a Second Level appeal and asserted that, "For over 6 months I [sic] had to eat meals that were not sufficient. [sic] I continuously complaint about my need for a [r]eligious [] diet but I was ignored by both my [f]loor staff and spiritual leaders. My [r]ights [were] violated and ignored. Indermill knew of my request but ignored by rights." (Doc. 21 at 17). The Court takes this to mean that Plaintiff again complained that prison personnel ignored his religious rights, which is the same relief Plaintiff now seeks in reference to his complaint against Defendant Sumaya. While his second level appeal may have set forth his complaint in greater detail, the Court finds that his initial grievance encompassed his complaint against Defendant Sumaya.

Thus, the Court finds that Plaintiff exhausted his administrative remedies prior to filing his complaint against Defendant Sumaya. Therefore, the Court recommends Defendant Sumaya's unenumerated Fed. R. Civ. P. 12(b) motion to dismiss for failure to exhaust administrative remedies be **DENIED.**

### IV. FINDINGS AND RECOMMENDATIONS

Accordingly, and for the aforementioned reasons, the Court recommends that Defendant Sumaya's motion to dismiss (Doc. 20) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Plaintiff is advised failure to file objections within the specified**

8

**time may waive the right to appeal the District Court's order**. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **July 12, 2013**                  **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE