UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PENA, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-01205 – LJO – JLT (PC)<br><br>ORDER ADOPTING IN FULL THE FINDING AND RECOMMENDATION DENYING DEFENDANT SUMAYA'S MOTION TO DISMISS<br><br>(Docs. 20 and 23)<br><br>ORDER FOR DEFENDANT SUMAYA TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT WITHIN 21 DAYS |

Plaintiff John Edward Mitchell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in a prisoner civil rights action pursuant to 42 U.S.C. § 1983. On July 12, 2013, the Magistrate Judge issued Findings and Recommendations denying Defendant Sumaya's Motion to Dismiss. (Doc. 23). At present, the Court conducts a *de novo* review of the Magistrate Judge's Findings and Recommendations and, for the reasons set forth below, **ADOPTS** the Findings and Recommendations **IN FULL**.

///

///

///

///

1

As a preliminary matter, the Magistrate Judge explicitly advised the parties that they must file their objections – if any – within 14 days of service of the Findings and Recommendations. (Doc. 23 at 8-9). The parties have failed to timely object or otherwise respond.

In considering the motion to dismiss, the Magistrate Judge addressed Defendant Sumaya's argument that 15 Cal. Code. Reg. § 3054.4(a) is reasonable and therefore exonerates him from liability under the First Amendment and the RLUIPA. (Doc. 23 at 4-5). First, the Magistrate Judge found that 15 Cal. Code. Reg. § 3054.4(a) was a rule of general applicability and therefore applied to the Defendant. Id. at 3-4. Second, the Magistrate Judge determined that the Plaintiff appropriately identified his religious diet as the religious exercise substantially infringed upon by Defendant Sumaya actions. Id. at 4-6. Thus, the Magistrate Judge found that Plaintiff stated a cognizable claim pursuant to RLUIPA and the First Amendment. Id. at 6.

The Magistrate Judge also considered Defendant Sumaya's argument that Plaintiff failed to exhaust his administrative remedies because he did not named Defendant Sumaya in his administrative grievance. Id. at 6-8. The Magistrate Judge, however, noted that the prison's grievance procedure determined the level of detail required to exhaust an inmate's claim. Id. at 6-7. Notably, the controlling statute at the time Plaintiff filed his grievance – 15 Cal Code Regs. § 2084.2 – merely required inmates to "describe the problem and action requested." Id. at 7.

Next, the Magistrate Judge considered that Plaintiff filed a grievance dated November 9, 2010, in which he describes prison personnel's denial of his religious diet. (Doc. 23 at 7). Specifically, Plaintiff complained that prison personnel continued to ignore his religious diet and he requested relief from their actions. Id. at 8. The Magistrate Judge considered that this was the same problem and relief Plaintiff presently seeks against Defendant Sumaya. Id. at 8. Thus, the Magistrate Judge recommended that Defendant Sumaya's motion to dismiss be denied. Id. at 8.

Therefore, in accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

///

**ORDER**

Accordingly, the Court **HEREBY ORDERS** that:

1. The Finding and Recommendation denying Defendant Sumaya's Motion to Dismiss (Doc. 23) is **ADOPTED IN FULL**; and

2. Defendant Sumaya **SHALL** file an answer or responsive pleading within **21 days** of the date of this Order.

IT IS SO ORDERED.

Dated:   **August 5, 2013**            /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE