# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PINA, et al.,<br><br>　　　　Defendants. | Case No.  1:11-cv-01205-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT**<br><br>**(Doc. 61)** |

Plaintiff, John Edward Mitchell, is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding on the Second Amended Complaint (Doc. 14) for violation of his rights under the First Amendment and the RLUIPA against Defendants Pena, Sumaya, and Indermill.  (Docs. 15, 17.)

On March 13, 2014, Plaintiff filed a document requesting permission to amend the Second Amended Complaint.[1]  (Doc. 61.)  Plaintiff submitted a copy of his proposed amended complaint which has been lodged ("lodged pleading").  (Doc. 62.)  Defendants have not filed an opposition.  The motion is deemed submitted.  L.R. 230(l).

In his motion, Plaintiff indicates that he has recently discovered that Defendant John Doe is actually Imam Aqeel El-Amin.  (Doc. 61, p. 2.)  Plaintiff seeks to file an amended complaint making allegations against Imam Aqeel El-Amin as a defendant in this action.

---

[1] Plaintiff requests leave to file a second amended complaint, however, the operative pleading *is* the Second Amended Complaint.  Thus, if leave to amend were granted, which it is not, any further amended pleading would be a third amended complaint.

1

Rule[2] 15(a)(2) of the Federal Rules of Civil Procedure provides that a party who has already amended its pleading once, "may amend its pleading only with the opposing party's written consent or the court's leave." "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *Id.*

Further, while the Court is mindful of the liberality of Rule 15(a) and the leniency accorded pro se litigants, the Court may properly deny leave to amend both if the proposed amendments are futile, *e.g.*, *Woods v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105-06 (9th Cir. 2011); *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011), and where the party seeking amendment knew or should have known of the facts upon which the proposed amendment is based but failed to include them in the original complaint, *E.E.O.C. v. Boeing, Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988) (citation and internal quotation marks omitted).  Finally, the "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).

This case is proceeding on Plaintiff's cognizable claims in the Second Amended Complaint.  On October 29, 2012, an order issued finding Plaintiff's allegations against Defendants John Doe, Lopez, and Morrison not cognizable and ordering their dismissal from the action. (Doc. 15, at 7:22-27.)  Plaintiff neither objected to, nor sought reconsideration of this order.  Now, a year and a half later, Plaintiff seeks to file an amended complaint, substituting Imam Aqeel El-Amin in place and instead of John Doe and modifying his allegations based on a form that El-Amin signed which was just recently produced in discovery.  (Docs. 61, 62.)

Despite having previously had multiple opportunities to amend, Plaintiff has not stated a

---

[2] All references are to the Federal Rules of Civil Procedure unless otherwise indicated.

2

cognizable claim against Defendant John Doe to justify allowing amendment to substitute a true name based on a single document reflecting the name "Imam Aqeel El-Amin." Had this been the case, Plaintiff would have been allowed to proceed against Defendant Doe and given leave to substitute the true name once discovered.

Further, Plaintiff's lodged pleading does not now state a cognizable claim against "Imam Aqeel El-Amin." Rather, the lodged pleading appears to contain little more than a rephrasing of Plaintiff's non-cognizable claims against Defendant Doe with "Imam Aqeel El-Amin" substituted in place of "John Doe." (Doc. 62.) At its most basic, Plaintiff claims only that he now knows that El-Amin was the Imam in 2010 whom he previously identified as "John Doe."

However, this conflicts with Plaintiff's past allegations which have all indicated that, as far as he knew, there was no Imam for Muslim inmates for Ramadan of 2010. Thus, he directed his religious dietary requests to prison staff and other spiritual leaders. If prison processes operated normally, El-Amin, as the Imam, would have both been notified of and responsible for responding and taking action on Plaintiff's requests to be on the list of inmates fasting for Ramadan 2010. Yet, Plaintiff's past allegations have consistently asserted that the normal procedures were not utilized for his requests for religious meals and Plaintiff provides no basis to show that his prior allegations were inaccurate. Further, Plaintiff does not show that El-Amin was aware of Plaintiff's requests for a religious diet and/or was involved in the circumstances that kept Plaintiff from being on the list of fasting participants. If any of Plaintiff's requests had been known to El-Amin, Plaintiff may have been able to state a cognizable claim against him, but changes to his allegations that he directed his requests to El-Amin or that he asked his requests to be directed to El-Amin are clearly not true.

Finally, Plaintiff's current allegation that he told Bola that he needed to be on the list that "Imam Aqeel El-Amin" maintained, is obviously untrue. Plaintiff could not have used this name or referred to the Imam in 2009 or 2010 because he did not learn the name or even that there was an Imam until receipt of documents produced in discovery earlier this year. Instead, Bola verified from Morrison only that Morrison said he made sure Plaintiff was on the list kept by the kitchen staff.

Accordingly, it is **HEREBY ORDERED** that Plaintiff's motion to amend the operative complaint, filed March 13, 2014 (Doc. 61), is **DENIED** and Plaintiff's lodged pleading (Doc. 62) is **STRICKEN** from the record.

IT IS SO ORDERED.

Dated:   **May 30, 2014**                    **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE